

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KIMBERLY YOUNG**                                           **PLAINTIFFS**

**VERSUS**                                           CASE # 1:25cv271LG-RPM

**TWELVE D ENTERPRISES, INC.**
**& McDONALD'S CORPORATION**                        **DEFENDANTS**

---

**COMPLAINT FOR DAMAGES**
(Jury Trial Requested)

---

NOW COMES plaintiff, Kimberly Young, a person of the full age of majority and citizen and resident of Hammond, Louisiana, and represents as follows:

1.

The following are made defendants herein:

A. **TWELVE D ENTERPRISES, INC.**, a corporation formed in Mississippi, having its principal place of business in Mississippi, owning and operating a McDonald's retail location located at 228 East Beach Blvd., Long Beach, Mississippi, authorized to do and doing business in the State of Mississippi and having its agent for service of process, Jeff Descher, who may be served at its principal office address, 6520 Sunplex Drive, Ocean Springs, Mississippi 39564 (or wherever he may be found); and

B. **McDONALD'S CORPORATION**, a corporation formed in Delaware, having its principal place of business in Illinois, owning and operating a McDonald's restaurant located at 228 East Beach Blvd., Long Beach, Mississippi 39560, authorized to do and doing business in the State of Mississippi and having its agent for service of process, The Prentice-Hall Corporation System, Inc., which may be served at 506 South President Street, Jackson, Mississippi 39201 (or wherever it may be found).

2.

Venue is established based upon the fact that the incident which is the subject of this lawsuit occurred within this judicial district, and jurisdiction is established under Title 28,

Section 1332 of the United States Code based on the diversity of citizenship between the parties and further upon the grounds that the amount in controversy for each plaintiff exceeds $75,000, exclusive of interest and costs.

3.

Plaintiff contends that on or about July 9, 2023, an incident occurred at a McDonald's restaurant, owned and managed and operated by both defendants, which restaurant is located at 228 East Beach Blvd., Long Beach, Mississippi 39560, in Harrison County, Mississippi wherein plaintiff Kimberly Young, while a patron in the restaurant, was severely and permanently injured.

4.

The incident occurred when Ms. Young was entering the restaurant's bathroom stall and thereafter slipped on a liquid substance which had been leaking from the ceiling.

5.

At the time of the incident sued on, the plaintiff was lawfully upon the defendants' premises in her capacity as a patron, and thus was a business invitee of the defendants at all material times herein.

6.

The defendant's manager on duty admitted that he had been trying to convince his management and/or the restaurant owners to fix that leak for quite some time prior to the day of the plaintiff's fall, without success.

7.

The cause of the incident and resulting injuries to plaintiff occurred through no fault of the plaintiff; rather, the incident was caused solely by the negligence of defendants, directly, and vicariously through their employees, agents, assigns, or representatives, based upon the following

acts and/or omissions:

a. Creating or allowing an unreasonably unsafe condition on the premises;

b. Failure to remedy the unreasonably unsafe condition despite having actual prior notice of said condition;

c. Failure to warn plaintiff of the unreasonably unsafe condition upon the premises;

d. Failure to adequately inspect the premises and supervise restaurant operations;

e. Failure to adequately maintain the premises;

f. Failure, generally, to meet the standard of care required in the above-described situation; and

g. Any and all other acts of negligence, recklessness and fault as will be shown at the trial of this matter.

8.

Despite having prior notice of the defective condition, i.e., a leak in the ceiling, the defendants failed to take any reasonable precautionary steps to eliminate or lessen the risk of injury to patrons such as the plaintiff, and instead allowed the restroom's condition to exist in its defective and unreasonably dangerous state while it allowed patrons like the plaintiff to use the facilities, without any warning or fair notice of the dangers therein.

9.

As a result of the aforesaid incident, plaintiff, Kimberly Young, suffered personal injury and residual disability consisting of, but not limited to severe injury to her back, knee, leg and shoulder.

10.

As a result of the aforementioned negligence of the defendants, plaintiff hereby alleges

and seeks recovery for all past and future general and special damages in accordance with Mississippi law, including but not limited to physical pain and suffering, disability, mental anguish and emotional distress, loss of the enjoyment of life, medical expenses, lost wages and loss of earning capacity, service, and society, loss of household services, and any other special damages and all general damages as may be allowed under Mississippi law.

11.

In addition to the aforementioned damages, plaintiff is entitled to punitive damages to the extent allowed by Mississippi law, based upon the gross negligence of the defendants which evidenced a willful, wanton or reckless disregard for the safety of patrons and other persons, including but not limited to the plaintiff. Such punitive damages include but are not limited to an award of attorney's fees as allowed by law.

12.

Plaintiff is entitled to a trial by jury and respectfully requests a trial by jury on all issues raised herein.

WHEREFORE, plaintiff, Kimberly Young, prays that defendants, Twelve D Enterprises, Inc. & McDonald's Corporation, be served with a copy of this Complaint and after being duly summoned to appear and answer hereto, and after the expiration of all legal delays and due proceedings are had, that there be trial by jury, individual judgment rendered herein in favor of plaintiff, and against the defendants, for any and all damages, as alleged, including punitive damages and attorney's fees, together with legal interest and for all costs of these proceedings including expert witness fees to be taxed as costs of court, and for all legal and equitable relief this Honorable Court shall deem appropriate.

**RESPECTFULLY SUBMITTED,** this 3rd day of September, 2025.

                                      **SILBERT, PITRE & FRIEDMAN**

                                      */s/ David Pitre*

                                      DAVID PITRE (MS Bar #99388)
                                      1303 Spring Street
                                      Gulfport, MS 39507
                                      Telephone: (228) 822-2404
                                      Fax: (228) 822-9942
                                      Email: david@spflawyers.com
                                      Attorney for Plaintiffs